**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JAMES D. MARTIN,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>*Defendant*. | No. 22-cv-06257 (MEF)<br><br>**OPINION and ORDER** |

For the purposes of this brief Opinion and Order, the Court assumes familiarity with the facts of the case.

\* \* \*

The Commissioner of Social Security denied the Plaintiff's application for disability benefits. See Plaintiff's Moving Brief (ECF 10) ("Plaintiff's Brief") at 1 (citing Administrative Transcript ("Transcript") (ECF 5) at 92-97, 101-05).

The Plaintiff sued to challenge that denial, and this Court, through Judge Hayden, vacated the Commissioner's decision. See Martin v. Comm'r of Soc. Sec., No. 18-cv-05639 (D.N.J. Aug. 24, 2020).

On remand, the Commissioner again denied the Plaintiff's application for disability benefits. See Plaintiff's Brief at 6 (citing Transcript at 428-45).

The Plaintiff now challenges that denial and asks that it be reversed or vacated.[1] See id.

His main argument is that the Commissioner's decision was not supported by substantial evidence.

---

[1] The Court has jurisdiction. See 42 U.S.C. §§ 405(g), 1383(c)(3).

This argument is not persuasive.

Therefore, the Court affirms the Commissioner's decision.

\* \* \*

The Commissioner's factual findings are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g); see also Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004) (cleaned up).

If the Commissioner's decision is not supported by substantial evidence, the Court may remand or reverse.[2] See Sincavage v. Barnhart, 171 F. App'x 924, 926 (3d Cir. 2006).

\* \* \*

In support of the overarching argument alluded to above, the Plaintiff presses four narrower arguments as to why, in his judgment, the Commissioner's decision was improper.

\* \* \*

First, the Commissioner found that the Plaintiff could "perform sedentary work." Plaintiff's Brief at 15 (quoting Transcript at 435). And since the Plaintiff could work, the Commissioner concluded that he was not disabled. See Transcript at 444.

The Plaintiff argues that substantial evidence does not support finding that he could do sedentary work. See Plaintiff's Brief at 15-19.

But this is not convincing.

Sedentary work involves "lifting no more than 10 pounds at a time," using "the hands and fingers," and walking for no more than about two hours and sitting for six hours in an eight-hour workday. See SSR 83-10, 1983 WL 31251 (1983).

---

[2] "May" and not "shall" because a court can affirm if an error is harmless. See generally Social Security Disability Law & Procedure in Federal Court § 9:54 (2025) (citing Brown v. Astrue, 649 F.3d 193, 195 (3d Cir. 2011)).

2

The Commissioner must explain his basis for concluding that the Plaintiff can do such work.  See Ginder v. Comm'r of Soc. Sec., 2025 WL 323095, at *3 & n.11 (3d Cir. Jan. 29, 2025).

Using a rhetorical question, the Plaintiff argues the Commissioner did not offer the explanation he needed to.

"How much can *this* plaintiff lift and carry and for how long?  The decision . . . doesn't tell us."  Plaintiff's Brief at 17.

But it does.

Citing a Disability Determination Services ("DDS") report, the Commissioner said that the Plaintiff could occasionally lift and carry 20 pounds, frequently lift and carry ten pounds, and stand or walk for four hours and sit for six hours in an eight-hour workday.  See Transcript at 440.

The referenced report backs up the Commissioner's conclusion that the Plaintiff could do sedentary work.  See Schettino v. Comm'r of Soc. Sec., 295 F. App'x 543, 546 (3d Cir. 2008) (holding that DDS report supported Commissioner's finding on sedentary work); cf. Ginder, 2025 WL 323095, at *2.

And so do other parts of the record.

Evidence invoked by the Commissioner shows that the Plaintiff could go outside every day, drive a car, sit for reasonable amounts of time, do laundry while standing and sitting, walk, climb some steps, use public transit, shop by himself, feed himself, make a meal by himself, shower, and bathe.  See Transcript at 436, 439, 441.

In short, substantial evidence supports the Commissioner's finding that the Plaintiff could do sedentary work.

*   *   *

Second, the Plaintiff objects to the Commissioner's findings on his mental health.  See Plaintiff's Brief at 19-24.

The Commissioner concluded that the Plaintiff can "understand, remember and carry out simple instructions," and thus can do unskilled work.  See id. at 19 (quoting Transcript at 435).

But the Plaintiff argues that the Commissioner's own findings contradict his conclusion.  The Commissioner found that the Plaintiff had moderate limitations in understanding, remembering, and applying information; interacting with others;

3

and concentrating, persisting, and maintaining a competitive pace in the workplace. See id. at 19-20 (citing Transcript 434-35).

But there is no real daylight between the Commissioner's conclusion and his more granular findings.

The Commissioner determined that the Plaintiff's residual functional capacity was limited to remembering and carrying out "simple instructions" and having "occasional interaction with coworkers, supervisors and the general public." Transcript at 435.

And as the Third Circuit held in McDonald v. Astrue, limiting a claimant to "simple, routine tasks" suffices to account for "moderate limitations with [one's] ability to maintain concentration, persistence and pace." 293 F. App'x 941, 946-47 (3d Cir. 2008).

By the same logic, limiting the Plaintiff to "occasional interaction," as the Commissioner did here, accounts for his moderate limitations in interacting with others. See Deanna H. v. O'Malley, 2024 WL 4530291, at *9 (E.D. Pa. Oct. 18, 2024); Mangual-Alicea v. Kijakazi, 2022 WL 2373875, at *8 (E.D. Pa. Apr. 19, 2022), report and recommendation adopted, 2022 WL 2356818 (E.D. Pa. June 30, 2022); Weaver v. Colvin, 2014 WL 4793947, at *18 (M.D. Pa. Sept. 23, 2014).

Two additional issues relate to the Plaintiff's mental health.

First, the Plaintiff argues that the Commissioner did not "include" his PTSD diagnosis "anywhere" in his decision. See Plaintiff's Brief at 21.

But the Commissioner noted that "the claimant was diagnosed with PTSD." Transcript at 440. And he went on to describe how the Plaintiff's psychological impairments would impact his ability to work. See id.

Second, the Plaintiff contends that the Commissioner misportrayed to an extent the contents of a psychologist's report. See id. at 20-21.

The report said that the impact of the Plaintiff's mental health impairments on his functioning was "moderate to severe." Id. at 21 (quoting Transcript at 1417).

4

But the Commissioner concluded that the functional impact was "mild to moderate." Id. at 20 (citing Transcript at 441).

Citing this gap between report and conclusion, the Plaintiff argues that the Commissioner misportrayed the report. See id. at 20-21.

But the Commissioner did not say that the psychologist concluded in his report that the functional impact was "mild to moderate." See id. at 21.

Rather, the Commissioner wrote that the psychologist's findings are "generally consistent with the overall record in its entirety which supports . . . mild to moderate limitations." Id. at 20 (citing Transcript at 441) (emphasis altered).

Not perfectly consistent. "Moderate to severe" (as the report said) is not the same as "mild to moderate" (as the Commissioner concluded).

But there is overlap ("moderate") between them. And that explains how the Commissioner took the report as "generally" supporting his conclusion.

As to the difference between the report ("moderate to severe") and the Commissioner's conclusion ("mild to moderate"), the Commissioner was not required to allow one piece of evidence (the report) to override the rest of the evidence ("the overall record") as he saw it. See Nieves v. Comm'r of Soc. Sec., 198 F. App'x 256, 260 (3d Cir. 2006); Tate v. Sec'y of Health & Hum. Servs., 865 F.2d 1269 (6th Cir. 1989).

\*   \*   \*

Third, the Plaintiff argues that the Commissioner improperly discounted the opinion of a pain-management doctor. See Plaintiff's Brief at 24-26.

In full, this doctor's opinion reads: "Patient has a[n] inability to stand for extended period or lift heavy objects; [h]as a [l]ack of concentration; [c]annot follow instruction; the coordination impairment causes anxiety and panic attacks." Transcript at 365.

The Plaintiff contends that the Commissioner rejected this opinion as inconsistent with the overall record without saying "what part of the record contradicts it." Plaintiff's Brief at 26.

5

But the Commissioner did say that; he pointed to "the claimant's treatment notes."³  Transcript at 442.

These treatment notes, described elsewhere in the Commissioner's decision, say, for instance, that the Plaintiff "would not be limited from walking and standing with reasonable breaks."  Id. at 439 (citing id. at 1410).

It is not hard to see why the Commissioner thought these notes (which said the Plaintiff could walk and stand with breaks) undermined the doctor's findings (which said the Plaintiff could not "stand for [an] extended period").⁴

\*   \*   \*

Fourth, the Plaintiff argues that the Commissioner improperly discounted his complaints about the intensity, persistence, and limiting effects of his symptoms.  See Plaintiff's Brief at 27 (citing Transcript at 437).

If the Commissioner discounts a claimant's allegations of symptoms, he must explain why.  See Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 122 (3d Cir. 2000).

The Commissioner wrote that the Plaintiff's statements "are not fully supported for reasons explained in this decision."  Transcript at 437.  As the Plaintiff points out, however, the Commissioner did not elaborate on that point.  See Plaintiff's Brief at 28.

The Commissioner should have provided a fuller explanation as to why he rejected the Plaintiff's complaints.  See Pistor v. Thompson, 258 F. App'x 452, 454 (3d Cir. 2007).

But "the [Commissioner]'s reasoning is implicit in his discussion of the medical evidence."  Id.  That evidence, as

---

³  In analyzing supportability and consistency, the Commissioner did not directly cite the medical record.  But the Commissioner thoroughly covered --- and cited --- the record earlier in his opinion.  See, e.g., Transcript at 439.  That makes the evidence to which he is referring clear enough.  See Zoon v. Comm'r of Soc. Sec., 2025 WL 1779229, at *2 n.4 (D.N.J. June 27, 2025).

⁴  And note that the Commissioner thought the doctor's opinion was not entitled to much weight to begin with.  "[T]here is no evidence that [the doctor] ever treated the claimant," he wrote. Transcript at 442.

6

described above, shows that the Plaintiff is capable of a range of ambulatory and sedentary activity in daily life.[5] It ultimately shows that the Commissioner's "decision was based upon substantial evidence." Id.; accord Tuohy v. Comm'r of Soc. Sec., 127 F. App'x 62, 66 (3d Cir. 2005).

\* \* \*

Accordingly, the Commissioner's decision is affirmed.

IT IS on this 30th day of June, 2025, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[5] The Plaintiff argues that the Commissioner defied this Court's order of August 2020 by recycling the same old analysis in his new decision. See Plaintiff's Brief at 23, 28. But the new decision much more thoroughly explains the Plaintiff's abilities, thereby providing substantial evidence for the Commissioner's conclusion. Compare Decision of March 16, 2017, Transcript at 546-54, with Decision of July 6, 2022, id. at 428-45.

7